# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) BURLINGTON NORTHERN & ) SANTA FE RAILWAY CO., ) ) Defendant. ) | CIVIL ACTION NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to make whole Emerson Payne. The Commission alleges that the Defendant discharged Emerson Payne based on his disability.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant, Burlington Northern & Santa Fe Railway Co., ("BNSF" "Defendant Employer"), was a foreign corporation doing business in the State of Tennessee and the City of Memphis and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of this lawsuit, Emerson Payne (hereinafter "Mr. Payne") filed a charge with the Commission alleging a violation of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Defendant operates railroad networks across North America. Mr. Payne was hired as a trainman at Defendant's Memphis, Tennessee Yard on March 19, 2001.

9. Around March 23, 2003, Mr. Payne was involved in a motorcycle accident which resulted in a below the knee amputation of his right leg.

10. On January 19, 2004, Mr. Payne's doctor released him to return to work with no restrictions.

11. He eventually spoke to several management officials, but he was never allowed to return to work as a trainman.

12. The effect of these practices complained of above has been to deprive Mr. Payne of equal employment opportunities and otherwise adversely affect his status as an employee because Defendant Employer discharged him because of his disability, below the knee amputation, in violation of the ADA.

13. The unlawful employment practices complained of above were and are intentional.

14. Defendant BNSF, at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Mr. Payne in violation of the ADA, 42 U.S.C. §12101 et seq.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant BNSF, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant BNSF to make whole Mr. Payne by providing him with

appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

   D. Order Defendant BNSF to make whole Mr. Payne by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

   E. Order Defendant BNSF to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

   F. Grant such further relief as the Court deems necessary and proper; and,

   G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact, raised by the Complaint.

Respectfully submitted,

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/ Faye A. Williams (with permission DS)
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/ Terry Beck (with permission DS)
**TERRY BECK**
Supervisory Trial Attorney
TN Bar No. 9346

s/ Deidre Smith
**DEIDRE SMITH**
Senior Trial Attorney
TN Bar No. 018499

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:  (901) 544-0140