```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

EQUAL EMPLOYMENT OPPORTUNITY     )
COMMISSION,                      )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    No. 07-2450 Ma/P
                                 )
BURLINGTON NORTHERN & SANTA FE   )
RAILWAY CO.,                     )
                                 )
     Defendant.                  )
_____

              ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE
_____
```

Before the court by order of reference is defendant Burlington Northern & Santa Fe Railway Company's ("BNSF") Motion to Preclude Plaintiff's Use of Withheld Documents Under Federal Rule of Civil Procedure 37. (D.E. 38.) For the reasons below, the motion is DENIED.

### I. BACKGROUND

In this lawsuit brought by the Equal Employment Opportunity Commission ("EEOC") on behalf of Emerson Payne, a BNSF employee, the EEOC claims that BNSF violated the Americans with Disabilities Act of 1990 by refusing to return Payne to his former position as a railroad conductor after Payne was involved in an accident that resulted in amputation of his right leg below the knee. On February 15, 2008, BNSF served the EEOC with its first request for

production of documents. Request number 25 sought "[a]ll documents that reflect or evidence any application(s) by Payne for benefits or payment from any entity (governmental or private) because of any limitation in his ability to work, including any limitation related to any claimed physical disability, illness, or injury." (See Def.'s Mem. in Support of Mot. to Preclude, Ex. 1 at 2.) The EEOC responded that it would provide the requested records and that it would not be necessary to separately subpoena documents within Payne's control.

At his deposition on April 28, 2008, Payne testified that he might have additional Social Security benefits-related documents at his home. On June 5, 2008, Payne signed a Consent for Release of Information form, prepared by BNSF, which authorized the release of his Social Security Disability Insurance benefits ("SSDI") records. The EEOC delivered the executed consent form to the Social Security Administration ("SSA") on June 6, 2008. On June 23, 2008, BNSF sent the EEOC a letter listing several categories of documents that Payne had indicated during his deposition he might have at his home, including documents relating to Payne's efforts to obtain social security benefits, social security check stubs, and documents relating to Payne's appeal or reconsideration of his social security benefits. The EEOC instructed Payne to look for the listed documents, worked with him to locate the documents, and produced them to BNSF on July 10,

2008.  On August 5, 2008, the EEOC directed Payne to personally go to the SSA to see if he could obtain his SSDI records, as the SSA had not yet produced those records.  While at the SSA office, Payne signed another release and indicated that he needed the documents for depositions and trial.  On August 11, 2008, the EEOC contacted the SSA and talked to Andrew Nelson, the individual at the SSA responsible for Payne's SSDI records, to seek assistance in expediting production of the records.  The EEOC gave Nelson's contact information to BNSF.  Shortly thereafter, on August 15, 2008, the discovery period closed.

On August 27, 2008, BNSF informed the EEOC that it had contacted the SSA and that the SSDI records were ready to be picked up.  The parties agreed that the EEOC could produce these records at an upcoming deposition on September 3, 2008.  At that deposition, the EEOC's counsel handed to BNSF's counsel all of the SSDI records that it had received from the SSA.  The EEOC and Payne believed that the documents produced by the SSA represented Payne's complete SSDI file.

On September 15, 2008, BNSF filed a motion for summary judgment.  As part of its motion, BNSF argued that Payne's receipt of SSDI benefits precluded the EEOC's ADA claim because there was no evidence that Payne had ever participated in any trial work period.[1]  After BNSF filed its motion for summary judgment, the

---

[1] Participation in a trial work period is one way that an ADA claim and receipt of SSDI benefits can be reconciled.

-3-

EEOC asked Payne whether he had reported his yard master job at BNSF to the SSA under the trial work period. Payne responded that he had reported that work and indicated that the trial work period information should have been in the SSDI records provided to BNSF. When the EEOC informed Payne that there was no information pertaining to his trial work period in those records, Payne agreed to search through his records at home for any additional documents. Payne subsequently found correspondence from the SSA related to, among other things, his trial work period. When asked by the EEOC why he had not submitted these documents earlier, Payne explained that he thought the SSA would produce all of his SSDI records based on his executed releases.

On September 29, 2008, the EEOC provided BNSF with approximately 140 pages of documents from Payne's residence, including documents related to Payne's participation in a trial work period. Thereafter, the EEOC contacted Nelson at the SSA, advised him that the trial work period records were missing from the previously produced SSDI records, and asked that both parties be provided with certified copies of SSA documents related to Payne's trial work period. In its motion to preclude, BNSF argues that the EEOC's disclosure of trial work period documents was untimely and that the EEOC should be precluded from using this evidence in opposition to the motion for summary judgment and at trial.

**II. ANALYSIS**

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party who has responded to discovery requests to supplement its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. (e)(1)(A). If a party fails to timely supplement its discovery responses, Rule 37 provides that "the party is not allowed to use that information . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 further provides that, in addition or instead of the sanction of exclusion, the court may impose "other appropriate sanctions." Id.; see also Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, 616 n.1 (6th Cir. 2003). The "preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with caution." Thorne v. Steubenville Police Officer, 463 F. Supp. 2d 760, 770 (S.D. Ohio 2006), rev'd in part on other grounds, 243 Fed. Appx. 157 (6th Cir. 2007).

Based on the entire record, the court concludes that the EEOC did not violate Rule 26(e)(1) when it produced Payne's trial work period records after the close of discovery and after BNSF filed its motion for summary judgment. The EEOC on numerous occasions

-5-

during the discovery period worked with BNSF's counsel, Payne, and the SSA to attempt to obtain Payne's complete SSDI records.  Payne executed two release forms – one of which was prepared by BNSF – in order to obtain his records.  In addition, although the request for production broadly asked for documents related to Payne's disability benefits, the June 23 letter from BNSF to the EEOC did not specifically mention trial work period records, nor did BNSF ask for those records during Payne's deposition.  Moreover, the EEOC sought out and produced the records as soon as it learned that those records were at issue.  Under the circumstances, the EEOC did not violate its obligations under Rule 26(e)(1).[2]

### III. CONCLUSION

For the reasons above, the motion to preclude is denied.

IT IS SO ORDERED.

    s/ Tu M. Pham
    TU M. PHAM
    United States Magistrate Judge

    May 26, 2009
    Date

---

[2] Moreover, even assuming, *arguendo*, that the EEOC failed to comply with Rule 26(e)(1), the late disclosure was substantially justified and harmless.  The EEOC did not withhold or hide information from BNSF, or refuse to cooperate in obtaining documents.  Further, the EEOC did not engage in the "practice of 'sandbagging' an opposing party with new evidence."  Thorne, 463 F. Supp. 2d at 770 (S.D. Ohio 2006).  The EEOC took reasonable steps to produce documents responsive to request number 25, and once it became aware that the trial work period records were at issue and were not in the records provided by the SSA, the EEOC took immediate steps to locate and produce the documents to BNSF.