IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY ) 
COMMISSION )
 )
          Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:07-CV-02450-SHM
 )
 )
BURLINGTON NORTHERN & )
SANTA FE RAILWAY CO., )
 )
          Defendant. )

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTIONS TO
AND APPEAL FROM MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**

---

Plaintiff Equal Employment Opportunity Commission ("the Commission") submits this Response in opposition to Defendant's Objections to and Appeal from the Magistrate Judge's Order Granting Plaintiff's Motion for Protective Order.  The Magistrate Judge's Order is consistent with the overwhelming majority of court decisions interpreting the government agency's deliberative processes privilege.  Nevertheless, Defendant's appeal asks this Court to be the first one in the nation to rule that the Commission's claim of a deliberative processes privilege is to be judged based upon whether the information is "case-specific" as opposed to "high-level policy decisions."

As discussed below, Defendant's appeal does not cite a single court decision that holds that the Commission must produce the deliberative communications and analyses of its personnel simply because it is the plaintiff in a lawsuit.  The closest Defendant has found for this

proposition is language in two isolated decisions from the District of Maryland—*EEOC v. Citizens Bank & Trust Co.*, 117 F.R.D. 366 (D. Md. 1987) and *FDIC v. Hatziyannis*, 180 F.R.D. 292 (D. Md. 1998)—that Defendant has hung its argument upon.  As discussed below, however, neither of these decisions give any indication whether the nature of the information in the documents at issue therein actually was deliberative in nature.  Even assuming *arguendo* that it was, these cases still are by far the minority position and have not been cited with approval by any court within the Sixth Circuit.  In fact, the *Citizens Bank & Trust Co.* decision that Defendant's appeal asserts is the "seminal decision" on the issue was later rejected in another decision—*Allen v. Hearst Corp.*, 1991 WL 323020 (D. Md. 1991)—from the same district..

That the Commission and other government agencies may assert a deliberative processes privilege has been recognized numerous times by federal courts, including several district courts within the Sixth Circuit.  In each of those decisions, the court was aware that the information in question was specific to the case in front of it.

In the instant case, the Commission long ago provided Defendant with all of the factual information from its investigative file and a privilege log showing the deliberative communications that the Commission withheld, and Defendant has not contended otherwise.

At this late date, Defendant's only conceivable purpose for wanting the Commission's deliberative information is to challenge the Commission's investigation and/or determination at trial and to confuse the jury as to what the actual issues in this case are.  Both the Supreme Court and the Sixth Circuit have held that allowing an employer to challenge the Commission's administrative investigation of a charge of discrimination or the determination issued by the Commission in a trial *de novo* based upon the charge is error and may be reversible error in the event it influences the outcome of a trial.  *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820,

825, 110 S.Ct. 1566, 1569 (1990) ("The suit against the [employer], whether brought by the Commission or by the complaining party, would . . . be a trial *de novo* and not, in any sense, a suit for judicial review of a Commission determination"); *EEOC v. Keco Industries, EEOC v. Keco Industries,* 748 F.2d 1097, 1100 (6th Cir. 1984) ("It was error for the district court to inquire into the sufficiency of the Commission's investigation. . . .  [T]he nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency").

## I.    Background

As Defendant has stated, the only deposition topics Defendant has proposed that are at issue are 6, 7, 10, 11, 12, 13, 14, and 15.  Moreover, the Commission is not attempting to prevent Defendant from asking questions about all of the subject matter described in those topics.  Rather, the Commission filed its motion for protective order only as to questions Defendant might ask that "relate to the strategies and techniques used by EEOC employees in the investigation of the Charges (topics 6, 7, 10, 11, and 12); communications among EEOC employees regarding the conduct of the investigation of the Charges and analysis of the evidence obtained (topics 6 and 7); the analyses and evaluation by EEOC employees of the evidence obtained during the investigation of Charge No. 250-2004-04690 (topic 13); and, EEOC employees' determination of the appropriate relief to seek in the conciliation of Charge No. 250-2004-04690 and their strategies for attempting to conciliate the Charge (topics 14 and 15)." (Declaration of Naomi Earp, Court Doc. 55-6).

The Magistrate's Order (Court Doc. 97) neither prohibits Defendant from asking any particular question nor the Commission from objecting to questions that may go to the Commission's deliberative processes.  Rather, the Magistrate directed the parties to contact him

at the conclusion of the deposition to resolve questions about the applicability of the privilege that arise during the deposition.

## II.     Applicable Law

The deliberative process privilege allows the government to withhold documents and other materials that reveal recommendations and deliberations that are part of the process of formulating governmental decisions. *Department of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n* 532 US 1, 8 (2001).  This privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of the agency.  *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001), *cert. denied*, 534 U.S. 1134 (2002) (quoting *Schell v. United States Dep't of Health & Human Servs*., 843 F.2d 933, 940 (6th Cir. 1988)).

Defendant is correct that the deliberative process privilege is not absolute.  Rather, courts balance the opposing interests of government and private litigants by taking into account the following factors: "1) the relevance of the evidence sought; 2) the availability of other evidence; 3) the government's role in the litigation; 4) the seriousness of the litigation and the issues involved in it; and 5) the extent to which the disclosure would hinder frank communications within the governmental agency."  *EEOC v. Texas Hydraulics, Inc*., 246 F.R.D. 548, 552 (E. D. Tenn. 2007); *EEOC v. Continental Airlines*, 395 F.Supp.2d 738, 742 (N.D. Ill. 2005).

The Sixth Circuit is among many that have made clear that the key issue in applying this privilege is not, as Defendant's appeal contends, whether the agency is the plaintiff in the lawsuit, but rather "whether disclosure of the materials would expose an agency's decision-making process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.  See also,  State of Mo. ex rel. Shorr*

*v. U.S. Army Corps of Engineers,* 147 F.3d 708, 710 (8th Cir.1998) ("The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny. . . .  A document is deliberative if its disclosure would expose the agency's decisionmaking process in a way that would discourage candid discussion and thus undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process"); *Assembly of State of Cal. v. United States Dep't of Commerce,* 968 F.2d 916, 920-21 (9th Cir.1992) (Purpose of the deliberative processes privilege "is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny.  Congress expressed concern that if agencies were forced to 'operate in a fishbowl,' S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965), candid exchange of ideas within an agency would cease and the quality of decisions would suffer"); *Franklin Sav. Ass'n v. Ryan,*  922 F.2d 209, 211-12 (4th Cir. 1991) (". . . the district judge erred in ordering the defendant to answer the five questions to which OTS and Wall objected. These questions clearly went to the mental processes by which [Director of the Office of Thrift Supervision] Wall arrived at his decision to appoint the conservator and they also sought information about the advice given Wall by his subordinates. Such questions, absent extraordinary circumstances, are clearly improper and inadmissible").

Numerous federal courts have recognized the Commission's claims of the privilege in cases in which the Commission was the plaintiff. *See, EEOC v. Texas Hydraulics*, 246 F.R.D. 548, 552 (E.D. Tenn. 2007) ("After balancing the interests of the EEOC and Defendant, the Court finds the Defendant has not shown its need for the documents outweighs the EEOC's interests"); *EEOC v. Cleveland Construction, Inc.,* No. 04-2730 Ma/P (W.D. Tenn. Sept. 9, 2005) (Order Granting in Part Plaintiff's Motion for Protective Order, Court Doc. 42 in case no.

2:04-cv-2730) (Employer cannot "ask deposition questions about internal communications within the EEOC which would reveal the agency's decision making process, including deliberations, opinions, recommendations or advice"); *EEOC v. The Pointe at Kirby Gate, LLC and Servicemaster Company*, 02-2730 D/V, (W.D. Tenn. March 21, 2003) (Order Granting in Part, Denying in Part, Plaintiff's Motion for Protective Order, Court Doc. 27 in case no. 2:02-cv-02730) (At Rule 30(b)(6) deposition of the Commission, "defendants may seek additional explanation of the underlying non-privileged facts, but are instructed not to inquire into the EEOC's reasons for a particular construction of facts, nor into the EEOC's ordering of facts"); *Mace v. EEOC*, 37 F.Supp.2d 1144, 1149-50 (E.D. Mo. 1999), *aff'd*, 197 F.3d 329 (8th Cir. 1999) ("The purpose of the deliberative process privilege is to allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny. . . . A document is deliberative if its disclosure would expose the agency's decisionmaking process in a way that would discourage candid discussion and thus undermine the agency's ability to perform its functions; the focus is on whether the document is part of the agency's deliberative process"); *EEOC v. Continental Airlines, Inc.*, 395 F.Supp.2d 738, 745 (N.D. Il. 2005) (Employer cannot meet burden of overcoming the Commission's claim of deliberative processes privilege regarding an investigative report prepared by its investigator because the method by which its investigator prepared his report, and the method used to decide which facts to include and which to exclude involve "only the EEOC's internal decisionmaking process"); *EEOC v. Windsor Court Hotel, Inc.*, 1999 WL 407610 at *1 (E.D. La. 1999) (Court upholds Commission's claim of deliberative processes privilege as to its investigator's personal notes and evaluations and intra-agency communications and critiques because the Commission had already produced redacted versions of the notes and memoranda disclosing the dates and subject matter

of communications and a privilege log reflecting that the redacted information was communications among the EEOC staff, and the employer did not show any reason to believe that the privilege log is inaccurate or deceptive); *EEOC v. Midwest Division-RMC, LLC,* No. 00883-cv-W-REL, slip op. (W.D. Mo. May 31, 2006) (Court Doc. 55-3) (the Commission "did not waive the deliberative process privilege merely by bringing suit"); *EEOC v. Burlington Northern Santa Fe Railway Co.*, Case No. 5:07-cv-00734-D, (W.D. OK, June 23, 2008), (Court Doc. 55-4) (Court recognizes the Commission's right to assert deliberative process privilege and limits Rule 30(b)(6) deposition of Commission to factual information after BNSF had contended that "EEOC has no deliberative processes privilege when it is the plaintiff" (Court Doc. 55-5 at p. 6)); *Scott v. PPG Indus., Inc.*, 142 F.R.D. 291, 293 (N.D. W.Va. 1992) ("The documents in this case-personal notes and evaluations and interagency communications and critiques-fall squarely within the class of materials protected by the deliberative process privilege. The EEOC has conceded, as it must, that factual materials are not protected by the privilege and must be released. The  impressions and evaluations contained in the documents, however, must be protected. . . ."); *Allen v. Hearst Corp.*, 1991 WL 323020, at *2 (D. Md. 1991)(the court rejects the conclusion in the *EEOC v. Citizens Bank & Trust Co. of Md.*, 117 F.R.D. 366 (D.Md.1987) that the EEOC, or any other government agency, loses deliberative process as plaintiff in a lawsuit.)

In each of the above cases, the courts knew that they were ruling on information that was specific to the cases in front of them.

## III.   Argument

### A.   Defendant has cited no case authority supporting its position that the Commission waives the right to protect information that actually is deliberative in nature simply by being the plaintiff in a lawsuit.

Defendant's appeal urges this Court to adopt the position that that there is an automatic waiver of the deliberative process privilege whenever the Commission brings suit as to any information specifically related to that suit without regard to whether such information is deliberative or factual in nature. In support thereof, Defendant's appeal asserts that, "Unlike the magistrate judge, however, most courts consider the third factor in the five-factor test—the government's role in the litigation"—to be determinative when the government is the plaintiff. The other factors are immaterial." This assertion is utter nonsense.

Defendant's appeal rests primarily upon four court decisions beginning with *EEOC v. Los Alamos Constructors, Inc.,* 382 F. Supp. 1373 (D.N.M. 1974). This case provides no support for Defendant whatsoever because the information at issue there was not deliberative in nature. Rather, the court ordered the Commission only "to disclose the names of all persons known to it or believed by it to have knowledge of the facts of the case" and "a list of witnesses plaintiff presently intends to call." *Id.* at 1386. This is factual information, not deliberative. The court further stated that the Commission "will not be required to disclose which of those persons acted as 'informers'" or "any written statements furnished or taken from such persons." *Id.* In short, the court ordered the Commission to turn over less information than what the Commission has already voluntarily provided to Defendant in the instant case. This decision certainly does not support Defendant's assertion that the Commission is required to turn over deliberative information.

Defendant's reliance upon *EEOC v. Citizens Bank & Trust Co.,* 117 F.R.D. 366 (D. Md. 1987) is also hollow. The court in that case, quoting *Los Alamos Contractors* after apparently not having read it closely enough to realize that there was no deliberative information at issue there, denied the Commission's deliberative processes claim as to certain documents. However,

the only description of what the court in *Citizens Bank & Trust Co.* ordered the Commission to produce is "documents listed in Appendix A to paper no. 28." *Id.* Thus, there is no way of knowing whether the documents the court ordered the Commission to produce contained deliberative information or merely factual information, and Defendant's reliance on the decision is an act of hope rather than sound law.

The same is true for *FDIC v. Hatziyannis,* 180 F.R.D. 292 (D. Md. 1998), which came out of the same district as *Citizens Bank & Trust Co.* and quoted *Citizens Bank & Trust Co.* in denying the FDIC's deliberative processes claim. As in *Citizens Bank & Trust Co.,* however, the decision in *Hatziyannis* gives no description whatsoever of the nature of the information the court ordered the agency to produce other than to call them "documents nos. 6, 77, and 116." *Id.* at 294. As with the *Citizens Bank & Trust Co.* decision, there is no way to know whether the documents at issue in *Hatziyannis* contained information that was deliberative or factual in nature. The decision thus does not stand for the proposition that no privilege attaches to information that actually is deliberative in nature simply because a government agency is the plaintiff in a suit.

Defendant's reliance upon *U.S. v. Ernstoff,* 183 F.R.D. 148 (D.N.J. 1998) is even more misplaced, because the court's rationale for denying the Department of Justice's assertion of the privilege there was that the information in question was factual in nature, not deliberative. *Id.* at 154. Said the court: ". . . documents that are factual in nature generally are not considered privileged material. The test file review forms contain nothing but descriptions as to what was said and done during the testing. They do not include opinions or evaluations of the testers. The test summary memoranda merely serve as compilations of the test file reviews and do not carry

any opinions or evaluations in them. Summaries of documents, by themselves, are insufficient bases for an assertion of privilege." *Id.*

Defendant's reliance upon *EEOC v. Airborne Express*, 1999 WL 124380 (E.D.Pa.), is outright baffling because the court there made essentially the same ruling as Magistrate Pham did in the Order that Defendant is appealing here:  that the defendant could depose a Commission investigator, but without prejudice to "the EEOC properly and in good faith [being able] to assert any applicable privilege in response to particular deposition questions or document requests." *Id.* at \*2.   The *Airborne* court expressly acknowledged the existence of the deliberative process privilege, stating that "[t]he deliberative process privilege protects from disclosure material containing a governmental official's 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *Id.* at \*1.[1]

The Commission is not contesting Defendant's right to conduct a Rule 30(b)(6) deposition in the instance case, but merely is seeking to protect its deliberative internal communications and analyses.   Defendant has cited no case that actually holds that a court should not allow it to do so.   Magistrate Pham's Order in the instant case is entirely consistent

---

[1] It may be presumed from the fact that Defendant did not bother to discuss them in the body of its appeal that none of the cases that Defendant cited in its footnote 18 actually hold that the Commission is not entitled to protect its deliberative internal communications and analyses, and this presumption would be correct.  For example, in *Ghana Supply Comm'n v. New England Power Co.,* 83 F.R.D. 586, 594 (D.C. Mass. 1979), the court ruled that the Republic of Ghana waived any claim of executive privilege it would have had in a suit filed in its own name by filing suit in the name of a corporation.  The case is also distinguishable from the instant case in that the information in dispute was material to the defendant's defense;  in *FDIC v. St. Paul Fire & Marine Ins., Co*., 53 F.R.D. 260, 261-62 (W.D. Okla 1971), the court ordered the FDIC to describe the nature of certain reports of FDIC examiners and the names of persons having knowledge pertaining to the action.  This is not deliberative information and the Commission in the instant case long ago produced to Defendant all information analogous to what the court ordered produced in *FDIC v. St. Paul Fire & Marine Ins.;* in *U. S. v. Continental Can Co*., 22 F.R.D. 241, 245 (S.D.N.Y. 1958), the deliberative processes privilege was not even asserted by the Department of Justice.  Rather, the DOJ objected to producing certain information based upon a "public policy" privilege and various other objections, and the court allowed the DOJ to withhold some of the information at issue; in *Brewer v. Hassett*, 2 F.R.D. 222, 223 (D. Mass. 1942), the court ordered an IRS agent to answer deposition questions after first determining that plaintiffs were simply seeking "the content of statements the existence of which they know about and which, in all probability, will be used by the defendant at the trial."  Once again, the information at issue was factual in nature rather than deliberative.  *Id.*  The government did not even assert—and the court did not discuss—the deliberative processes privilege.

with the positions taken by the vast majority of courts to previously rule on the subject.

**B.     Defendant cannot justify a breach of the privilege because the information sought is not relevant.**

"The first and threshold factor [to determine if the deliberative process privilege should be breached] is whether the information is relevant.  Relevance [is construed] within the meaning of Federal Rules of Civil Procedure 26(b)(1)."  *EEOC v. Gold River*, No. 2:04-cv-01349, 2007 WL 983853, at *8 (D. Nev. March 30, 2007).[2]

BNSF stated during oral argument on the Commission's motion for protective order that BNSF would like to ask the Commission's Rule 30(b)(6) witness about pre-decisional opinions and recommendations.  However, pre-decisional opinions and recommendations are simply not relevant to the case before the Court.  As the Supreme Court succinctly stated, "…suit[s] against the [employer], whether brought by the Commission or by the complaining party,…proceed in the usual manner for litigation in the federal courts….[as] a trial de novo and not, in any sense, [as]a suit for judicial review of a Commission determination."  *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 825, 110 S.Ct. 1566, 1569 (1990) (citing 110 Cong. Rec. 7213 (1964)).

The Sixth Circuit also has clearly stated that the Commission's investigation is irrelevant to subsequent litigation.  *EEOC v. Keco Indus. Inc*., 748 F.2d 1097, 1100 (6th Cir. 1984) ("it is error for a district court to inquire into the sufficiency of the Commission's investigation").[3]

---

[2] *EEOC v. Venator Group*, No. 99 Civ. 4758, 2000 WL 1059033, (S.D.N.Y. March 27, 2000)(Once privilege invoked, Defendant must make a showing that discovery is relevant information not otherwise available); EEOC v. Continental Airlines, 394 Supp. 2d 738 (N.D. Ill. 2005)("Continental has not shown that its need for the materials outweighs the EEOC's interest in not disclosing the investigative report").

[3] *EEOC v. St. Michael Hosp*., 1997 WL 665757, at * 2 (E.D. Wis.1997)(employer may not litigate the reasonableness of the EEOC's cause determination*); EEOC v. Sears, Roebuck & Co*., 1980 WL 340 (N.D. Ga. Sept. 9, 1980) (rejecting challenge to sufficiency of evidence supporting the EEOC's determination and alleged failure of agency to follow its compliance manual); *EEOC v. E.I. DuPont de Nemours & Co*., 373 F. Supp. 1321,1328 (D. Del. 1974) (barring discovery of basis for EEOC's determination).  Defendant's request to "revisit the EEOC's finding of reasonable cause" by seeking privileged information about the agency's internal decision-making should be denied because the EEOC's investigation and determination are clearly "irrelevant" and "not subject to judicial review." *EEOC v. Dial Corp*., 156 F.Supp.2d 926, 944 (N.D. Ill. 2001).

Here the deliberative process privilege should not be breached because the pre-decisional opinions and recommendations that BNSF seeks to inquire about during its 30(b)(6) deposition of the Commission's employee are not relevant to the case before the court.

**C.   Defendant cannot justify a breach of the privilege based upon a lack of availability of evidence for defense of the suit.**

Defendant has obtained the same discovery it would have been entitled to in a private case where the Commission is not the plaintiff.[4]   The Commission has not attempted to prevent Defendant from taking its Rule 30(b)(6) deposition.  The Commission merely seeks to prohibit Defendant from asking questions that are protected by the deliberative process privilege regarding the pre-decisional impressions, recommendations, and analyses of its personnel. Defendant is free to ask any factual questions related to the subject of the charge of discrimination and the investigation.

Private litigants do not undertake statutorily-mandated administrative investigations as a prerequisite to filing suit.  Here, the Commission appropriately invoked a privilege to which a governmental agency is uniquely entitled in order to protect its internal, pre-decisional deliberations.[5]  This privilege by definition can never be invoked by a private litigant.

**D.   Without the privilege, the Commission cannot effectively enforce federal laws.**

The Commission reviews thousands of charges every year and only files suit in a small fraction of the cases.  Decisions to file suit are not made until after a charge is investigated and conciliation fails.  42 U.S.C. § 2000e-5 et seq.  If the Commission were to lose the deliberative

---

[4] The Commission has produced substantial discovery concerning the factual basis of its lawsuit and deposed all of the defense witnesses interviewed by the Commission's investigator.  BNSF has deposed the Charging Party and the Commission's expert.  Further there are no unresolved discovery disputes regarding interrogatories or requests for production of documents.

[5] The Declaration of EEOC Chair Naomi C. Earp appropriately asserting the privilege is attached as Ex.  4. Moreover, the chairs invocation of the privilege is not necessarily required. *See EEOC v. Venator Group*, No. 99 Civ. 4758, 2000 WL 1059033, (S.D.N.Y. March 27, 2000).

processes privilege by filing suit, effective investigation and analysis of charges would be impossible because every charge, prior to the failure of conciliation, has the potential for litigation.  Agency officials would know that pre-decisional recommendations, impressions, and analysis would always be at risk of public scrutiny and as a consequence would hold back. Moreover, the deliberative process privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Department of Interior v. Klamath,* 532 U.S. 1, 8-9 (2001).  *See also Norwood v. FAA*, 993 F. 2d 570, 577 (6th Cir. 1993) (the deliberative process privilege applies when "'the disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions'") (quotation omitted).  Allowing BNSF to prevail in its argument that the privilege is lost when the government is plaintiff would halt candid agency discussion in every case on a nation-wide scale, significantly impeding the agency's ability to function.

IV     **CONCLUSION**

For the foregoing reasons, the Commission respectfully requests that the Court deny Defendant's Objections to and Appeal of the Magistrate Judge's Order Granting Plaintiff's Motion for Protective Order.

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

s/ Deidre Smith by SWD w/ permission
DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 018499
deidre.smith@eeoc.gov


s/ Steven W. Dills
STEVEN W. DILLS

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Ave., Suite 901
Memphis, TN  38104
(901) 544-0136
steven.dills@eeoc.gov


## CERTIFICATE OF SERVICE

I certify that on June 4, 2009, a copy of the foregoing response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Stephen F. Fink
Bryan P. Neal
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
E-MAIL: Stephen.Fink@tklaw.com
E-Mail: Bryan.Neal@tklaw.com


s/ Steven W. Dills
STEVEN W. DILLS
steven.dills@eeoc.com

14